## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Moise William**

    **v.**                                         Civil No. 11-cv-024-PB
                                                   Opinion No. 2011 DNH 106

**State of New Hampshire**

### O R D E R

Before the court is pro se petitioner Moise William's petition for a writ of habeas corpus, which shall be construed to include the claims asserted in the original petition (Doc. No. 1), and the claims asserted in his "Petition to Apply for Consideration to Appeal Outside of Specified Time" (Doc. No. 3). In the petition, William claims that his Sixth and Fourteenth Amendment rights to due process, effective assistance of counsel, and to present a defense witness, were violated in connection with his October 2004 conviction and subsequent appeal of drug charges tried in the Rockingham County Superior Court. The matter is before the court for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See 28 U.S.C. § 1915A; Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New

Hampshire Local Rule ("LR") 4.3(d)(2).

## I.   BACKGROUND

In 2003, William, a Haitian national, was charged in state court with a felony count of cocaine possession with intent to distribute and a misdemeanor count of marijuana possession.  The charges were based on evidence derived from a traffic stop in December 2002, when the police in Auburn, New Hampshire found drugs and money in William's van.  William has consistently denied knowing that there was cocaine in the van at that time.

William pleaded not guilty to the drug charges and a jury trial was scheduled for March 2004.  Defense counsel sought a continuance based on a scheduling conflict, and the court rescheduled the trial for June 2004.  Counsel filed another motion to continue, and the court again rescheduled the jury trial for October 18, 2004.  The court admonished counsel that further continuances on the ground that counsel was "'too busy'" would not be granted.  State v. William, No. 2005-0181 (N.H. Apr. 17, 2006) (Ex. 5 to Pet. (Doc. No. 1-2)).

In the week before trial, defense counsel learned that a co-worker of William, named Moore, could provide testimony relevant to the defense theory that William did not know about the cocaine in the van.  Defense counsel first contacted Moore

on October 15, 2004, three days before trial, and after interviewing him, asked him to contact the prosecutor.  October 15 was the Friday preceding the Monday when trial was set to begin.  On that date, defense counsel notified the State that counsel wished to add Moore to his witness list.

Between October 15 and October 18, the State interviewed Moore and ran a criminal background check on him, which confirmed that he had multiple convictions.  The prosecutor asserted that Moore said that he drove a crew around in the van, and that he knew some of them were drug users.  Defense counsel expected Moore to testify that he sometimes borrowed the van and drove with people who "were involved in drugs, and in fact used drugs in his presence and had drugs in the vehicle."  Id.

On October 18, 2004, the State filed a motion to exclude the witness.  The trial judge held a hearing, received offers of proof from counsel, and ultimately excluded the witness, noting "that the case was a year old, that three final pretrial conferences had been held and that the witness had never been disclosed."  Id.  The court further found that although the prosecutor had had an opportunity to talk to Moore, "the State was 'unable to track down any of the people that the witness claims used the car, or were in the car and whether or not they

3

were, in fact, drug dealers.'"   Id.

Trial proceeded and William did not offer any witnesses.  A jury convicted William of both drug charges.  The court later sentenced William to serve one year in jail, followed by a deferred prison sentence of two to four years.

After Williams was sentenced, the appellate defender's office filed a direct appeal of William's conviction in the New Hampshire Supreme Court ("NHSC"), claiming that the trial court had violated William's right to present witnesses in granting the State's motion to exclude Moore.  Citing state law relating to a defendant's right to present witness testimony, and noting that the trial judge's ruling was further supported by the "attenuated and non-specific nature of the proffered evidence and the need for the State to obtain certified copies of any convictions that it might use at trial," the NHSC issued a decision in April 2006, upholding the exclusion of the witness and affirming William's conviction.  See id.  William's appellate counsel, David Rothstein, thereafter told William that there was nothing further he could do for him.  William did not file any post-conviction proceedings prior to the instant case.

In June 2010, United States Immigration and Customs Enforcement ("ICE") took William into custody, on the ground

4

that the state drug convictions were deportable offenses. See 8

U.S.C. § 1227(a)(2)(B)(i) (stating that any alien convicted of

violating drug laws, "other than a single offense involving

marijuana possession for one's own use of 30 grams or less" is

deportable).[1]  William filed the instant habeas petition in

January 2011, while still in ICE custody in a facility in

Boston, Massachusetts, pending deportation.  William was

deported thereafter to Haiti, where he currently resides.

In the instant petition, William asserts the following

claims, challenging the validity of his state drug crime

convictions[2]:

> 1.    William suffered a violation of his right to due
> process and to present favorable witness testimony, under
> the Sixth and Fourteenth Amendments, when the trial judge
> excluded a defense witness based upon trial counsel's late
> disclosure of that witness, and William was convicted

---

[1] The court notes that, in 2008, William was convicted of
federal drug crimes, based on marijuana and cocaine found in
William's car when he was stopped at a sobriety checkpoint in
Auburn in 2007.  See United States v. William, 603 F.3d 66, 67-
68 (1st Cir. 2010) (affirming convictions for marijuana and
cocaine possession, while vacating sentence that exceeded
maximum term of two years).  Although such convictions are also
deportable offenses, William has not alleged in the instant
petition that his deportation was based on those federal
convictions, and the validity of those convictions is not at
issue here.

[2] The claims identified herein shall be deemed to be the
claims in the petition for all purposes in this proceeding.  If
William disagrees with this identification of his claims, he
must properly file a motion to amend the petition.

thereafter.

2.    William suffered a violation of his Sixth and
Fourteenth Amendment right to the effective assistance of
trial counsel, when counsel failed to investigate William's
case and failed to make a timely disclosure of a defense
witness, resulting in that witness's exclusion and
William's conviction.

3.    William suffered a violation of his Sixth and
Fourteenth Amendment right to the effective assistance of
appellate counsel, when appellate counsel told William that
there was nothing more that he could do for William
following an unsuccessful direct appeal to the NHSC, and
counsel failed to file a petition for post-conviction
relief on William's behalf.

## II.   STANDARD OF REVIEW

Under LR 4.3(d)(2), when an incarcerated plaintiff or

petitioner commences an action pro se, the court conducts a

preliminary review.  The court may issue a report and

recommendation after the preliminary review, recommending that

claims be dismissed if the court lacks subject matter

jurisdiction, the defendant is immune from the relief sought,

the complaint fails to state a claim upon which relief may be

granted, the allegation of poverty is untrue, or the action is

frivolous or malicious.  See LR 4.3(d)(2) (citing 28 U.S.C.

§ 1915A and Fed. R. Civ. P. 12(b)(1)).  The court construes pro

se pleadings liberally to avoid inappropriately stringent rules

and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S.

89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to

7

determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (citation omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

### III.  DISCUSSION

### I.  Jurisdiction Over § 2254 Petitions

William is challenging the validity of his 2004 convictions that form the basis of his deportation order.  William relies on 28 U.S.C. § 2254 as authority for filing this action.  Section 2254 authorizes this court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).

The requirement under § 2254(a) that the person challenging a state court judgment be "in custody" is jurisdictional.  See Maleng v. Cook, 490 U.S. 488, 492 (1989).  Custodial status is measured at the time the petition was filed.  See id.  Physical confinement is not necessary; a district court has jurisdiction to review a petition filed by a person subject to restraints "not shared by the public generally."  Jones v. Cunningham, 371 U.S. 236, 240 (1963); see, e.g., Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003) (noting that petitioner on probation satisfies "in custody" requirement); see also McVeigh v. Smith, 872 F.2d 725, 727 (6th Cir. 1989) (holding that petitioner whose probation has been stayed remains "in custody").  Such

restraints, however, do not include the collateral consequences of a conviction, such as loss of the right to vote or the risk of an enhanced sentence due to the prior conviction. Because the "collateral consequences" of a prior conviction "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon" the prior conviction, a petitioner whose sentence has expired is deemed no longer "in custody" for that conviction. See Maleng, 490 U.S. at 492.

Extending that reasoning to a case where the petitioner filed a § 2254 petition while in immigration detention following the expiration of a sentence on a deportable offense, the Second Circuit determined that "one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254." Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008). See also Resendiz v. Kovensky, 416 F.3d 952, 956-58 (9th Cir. 2005); Walker v. Holder, Civ. No. 10-10802-RWZ, 2010 WL 2105884, at *1 (D. Mass. May 24, 2010) (holding that the district court lacked subject matter jurisdiction over claims filed by immigration detainee challenging underlying state conviction, where his sentence had expired prior to date upon which petition was filed). Although the court noted that the petitioner in that case was "in

immigration detention at the time he filed the habeas petition,"
he was "not in custody pursuant to a judgment of a state court."
Ogunwomoju, 512 F.3d at 74.  The rationale for precluding review
under such circumstances is that the immigration consequences of
a state conviction arise from the action of an "independent
sovereign" and are "consequences over which the state trial
judge has no control whatsoever."  Resendiz, 416 F.3d at 957
(emphasis in original).

 The facts alleged in the petition do not definitively show
that William's state sentence, imposed sometime after his
October 2004 conviction, had expired prior to January 2011, when
he filed the instant petition.  The sentencing order is not part
of the record.  William's description of his sentence is that it
included one year in jail, followed by a deferred term of two to
four years in prison.  When a sentencing order imposes a
deferred sentence, the order typically specifies how long the
deferral period will last.  In addition, the order provides that
the defendant may file a motion for suspension of the deferred
term 30 days prior to the expiration of the deferral period, and
that a failure to petition for the suspension of the deferred
sentence will result in its imposition.  See 2 Richard B.
McNamara, N.H. Practice and Procedure § 33.33 (4th ed. 2003)

(citing State v. Brewster, 147 N.H. 651, 802 A.2d 1209 (2002)).
The record here suggests that the deferred sentence was never
formally suspended, and may have remained pending on January
2011, rendering William "in custody" for the purposes of filing
a habeas petition.

## II.   **Statute of Limitations**

Assuming without deciding that William remained in state
custody to the extent that the deferred term of the state
sentence had not expired prior to January 2011, the court will
exercise its jurisdiction over the petition to consider whether
William's claims are time-barred.  The Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244,
et seq., sets a one-year limitations period for federal habeas
petitions by state prisoners.  See 28 U.S.C. § 2244(d)(1).  That
period runs from the time that the state court judgment of
conviction became final by the conclusion of direct review or
the expiration of the time for seeking direct review, excluding
time spent in post-conviction state proceedings initiated during
the one-year period.  28 U.S.C. § 2244(d)(1)(A); Cordle v.
Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (noting that post-
conviction state court litigation filed after AEDPA's
limitations expire does not stop or reset the clock).  The NHSC

issued its decision on William's direct appeal on April 17, 2006.  William had ninety days to file a petition for writ of certiorari in the United States Supreme Court, but failed to do so.  William's time for filing a federal habeas petition, therefore, expired in July 2007.  See Jimenez v. Quarterman, 129 S. Ct. 681, 685-86 (2009).

In a motion seeking an extension of time to filing his § 2254 petition, William contended that his claims were not time-barred.  Because the court's preliminary review of the underlying petition remained pending at the time William filed that motion, the court denied it as premature.  See Endorsed Order (Apr. 29, 2011) (denying motion (Doc. No. 3)).  The order indicated that William could raise the issue again if, following a preliminary review, the court were to find the petition untimely or if the respondent were to file a motion to dismiss claiming that the petition was time-barred.  Id.  In the interest of judicial efficiency, the court will consider at this time the merits of the arguments asserted in the motion for extension of time in determining whether the underlying petition is time-barred.

Certain exceptions to the AEDPA statute of limitations exist where the untimely filing was caused by (1) state-impeded

relief, (2) new constitutional rights created by the Supreme Court, or (3) newly discovered facts, but those exceptions are not applicable here.  See 28 U.S.C. § 2244(d)(1)(B)-(D). Rather, William claims that he should be permitted to file his petition out of time because: (1) court-appointed appellate counsel failed to file a habeas petition in federal court for William; and (2) William, who is appearing here pro se, became aware of his rights only recently, while in ICE custody.

### A.    Equitable Tolling

The one-year AEDPA statute of limitations is subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  A habeas petitioner seeking equitable tolling bears the burden of establishing that he has been pursuing his claims diligently, and that some extraordinary circumstance stood in the way of his timely filing.  See id.  Equitable tolling "should be invoked only sparingly."  Ramos-Martinez v. United States, 638 F.3d 315, 322 (1st Cir. 2011) (citation and quotation marks omitted).  Equitable tolling "is available only in cases in which 'circumstances beyond the litigant's control have prevented'" him from timely filing.  Id. (citation omitted).  Whether equitable tolling should be applied depends on the "totality of the circumstances."  Id. at 324.

There is nothing in the record suggesting that William has pursued his claims diligently.  William did not file any state court post-conviction proceedings relating to the convictions at issue and he took no steps to assert claims in this court before June 2010 while in ICE detention, at which time he first took the opportunity to educate himself with respect to the law relating to his case.  The record therefore fails to show that William has been diligent in pursuing his rights.

**B.   Lack of Post-Conviction Counsel**

William claims that he received no assistance in filing a § 2254 petition from Attorney David Rothstein, and that Rothstein told him there was nothing more he could do for him after the NHSC affirmed his convictions.  William attempts to assert that counsel's refusal to assist him by conducting post-conviction litigation efforts on his behalf constituted extraordinary circumstances which caused the untimely filing of this petition. While the court notes that professional misconduct may in certain cases amount to "'egregious behavior'" warranting equitable tolling, see id. (quoting Holland, 130 S. Ct. at 2563), the facts here belie such a finding.

William lacked a Sixth Amendment right to court-appointed counsel to pursue state post-conviction relief in the state

courts.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991);
Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("the right to
appointed counsel extends to the first appeal of right, and no
further").  Rothstein was appointed to represent William only in
his direct appeal to the NHSC; Rothstein's advising William that
he could do nothing more for him upon the NHSC's affirming the
convictions at issue did not stand in the way of William's
timely filing of a federal petition for habeas relief.  William
was not impeded from filing any claim on his own by Rothstein's
conduct, as William has described it.  Further, Rothstein had no
independent obligation to file a habeas petition on William's
behalf.

William also argues that he was not sufficiently versed in
the law to allow him to recognize his rights and to file a
petition on his own in this court prior to his ICE detention
period.  The court notes, however, that "'ignorance of the law
alone, even for incarcerated pro se prisoners, does not excuse
an untimely [habeas] filing.'"  Cordle, 428 F.3d at 49 (citation
omitted).  William has demonstrated to this court that he is
able to articulate claims pertinent to the facts of his case and
that he can relate his claims to appropriate federal
constitutional provisions.  Thus, the court finds that William's

alleged lack of knowledge regarding his rights prior to his recent ICE detention does not excuse his late filing of the instant petition.

#### IV.   CONCLUSION

As the court finds no basis for tolling the statute of limitations, which has expired in this case, the petition is time-barred.  Accordingly, the petition for writ of habeas corpus (Doc. No. 1) is dismissed.

**SO ORDERED.**

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 6, 2011

cc:  Moise William, pro se